# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY JEROME FLAMER** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| **G. BRADLEY, Correctional Officer,** | : | |
| **MS. EMMIT, Nurse, LEWIS,** | : | |
| **Correctional Officer and S.** | : | |
| **GEORGE, Correctional Officer** | : | **NO. 21-4326** |

## MEMORANDUM

**Savage, J.**                                                                                                       **March 31, 2022**

Plaintiff Jeffrey Jerome Flamer, a prisoner proceeding *pro se* and *in forma pauperis*, filed this action asserting that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when he was assaulted by defendant Correctional Officer Lewis and the other defendants failed to intervene.[1] He also claims defendant Shannon Emmett, RN,[2] failed to provide medical treatment. Emmett moved to dismiss the complaint for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act (PLRA) and for failure to state a claim. Because Flamer failed to exhaust his administrative remedies, we shall dismiss his claims against Emmett.

### Background[3]

Jeffrey Jerome Flamer was an inmate incarcerated at the Philadelphia Department of Prisons' Detention Center.[4] For reasons unknown, he was in a wheelchair and was

---

[1] Oct. 12, 2021 Order, ECF No. 5.

[2] Flamer misspells Emmett's last name. She supplies the correct spelling.

[3] The facts recited are as alleged in the complaint.

[4] Compl. 1, ECF No. 2.

housed in the Detention Center's infirmary.[5]  Correctional Officer Lewis was assigned to the infirmary.[6]

On May 22, 2021, Lewis released Flamer from his cell and told him "you need to stop banging on your door acting like a dickhead."[7]  Flamer responded: "I need to come out of my cell, for my hour recreation time."[8]  Lewis told him to "stop acting like a dickhead before I fuck you up."[9]  Flamer replied: "I wish you would put your fucking hands on me."[10]  Lewis then slapped Flamer's face.[11]  He slapped Flamer three more times before Correctional Officer G. Bradley intervened.[12]

After the slapping, Flamer went to the unit entrance at the control booth window.[13]  When he stood up from his wheelchair to knock on the control booth window,[14] Flamer became lightheaded and fainted.[15]  He fell to the floor and remained there for half an hour before Emmett arrived.[16]

When Flamer regained consciousness, he was still on the floor.[17]  Lewis, Bradley, Correctional Officer S. George, an unidentified correctional officer, and Emmett were

---

[5] *Id.* 1–3, 7.
[6] *Id.* 1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.*

present.[18]  Lewis told him to "get up dick-head stop faking it."[19]  Flamer responded, "fuck you puss."[20]  Lewis then punched Flamer three times with a closed fist.[21]  The other officers and Emmett did not intervene.[22]

Flamer then laid on the floor for ten more minutes until Lewis, Bradley, and Emmett helped him into his wheelchair and took him back to his cell.[23]

## Analysis

Before filing a suit challenging prison life, a prisoner must exhaust all available administrative remedies.  *Rinaldi v. United States*, 904 F.3d 257, 265 (3d Cir. 2018).  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . or any other Federal law . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a).  To properly exhaust, the prisoner must comply with all deadlines and procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citations omitted).  He must pursue all available steps in the process.  *Id.* (citations omitted); *see also Ross v. Blake*, 578 U.S. 632, 642–46 (2016) (citations omitted); *Spruill v. Gillis*, 372 F.3d 218, 222 (3d Cir. 2004).  If he fails to do so, his case must be dismissed.  *Spruill*, 372 F.3d at 227 (citations omitted).

The exhaustion requirement is mandatory.  A court may not excuse a failure to exhaust even if there are "special circumstances."  *Ross*, 578 U.S. at 639 (citations omitted).  The only exception is where an administrative remedy is not available.  Section

---

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.* 2, 7–8.

[22] *Id.* 2, 7.

[23] *Id.* 3.

1997e(a) of the PLRA only requires the exhaustion of available remedies. Stated differently, if administrative remedies are not available, there is nothing to exhaust.

Pennsylvania Department of Corrections Administrative Regulation 804 mandates that inmates "must submit a grievance to the Facility Grievance Coordinator/designee, usually the Superintendent's Assistant, within 15 working days after the event upon which the claim is based."[24] If an inmate appeals the grievance officer's decision, he must do so to the Facility Manager "within 15 working days from the date of the initial review response/rejection."[25]

The administrative remedies are deemed unavailable where: (1) the administrative procedure, in practice, does not afford inmates a real chance for redress because the prison administrators refuse or are unable to process the grievance; (2) the procedure is so "opaque" that inmates cannot "discern or navigate it"; or (3) the prison administrators prevent or thwart inmates from pursuing grievances through the process by "machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643–44 (citations omitted).

Here, the process was available to Flamer. Indeed, he availed himself of the process with respect to his assault claim. He did not do so with respect to claims against Emmett. Flamer provides no explanation for his failure. Thus, Flamer's claims against Emmett shall be dismissed for failure to exhaust administrative procedures.

---

[24] COMMONWEALTH OF PA., DEP'T OF CORR., POL'Y NO. DC-ADM 804, INMATE GRIEVANCE SYS. § 1.A.8 (2015).

[25] *Id.* § 2.A.1.a.